BREIDBART et al. v. EMPIRE CITY SUBWAY CO.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

MUNICIPAL CORPORATIONS (§ 845*)—BROKEN WATER MAIN—INJURY TO ADJOINING PREMISES—EVIDENCE.

In an action for injuries to plaintiffs by water flowing onto premises occupied by them from a broken water main, evidence *held* insufficient to warrant a finding that the main was cut by the negligence of defendant's servants.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1796–1802; Dec. Dig. § 845.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Isidor Breidbart and others, as copartners doing business as I. Breidbart & Co., against the Empire City Subway Company. From a judgment for plaintiffs and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Charles T. Russell, of New York City (Alexander Cameron, of New York City, of counsel, and Benj. F. Briggs, of New York City, on the brief), for appellant.

I. Gainsburg, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The plaintiffs have recovered a judgment for damages suffered through the percolation of water into premises leased by them. It was shown at the trial that this water came from a leak in a small water main in the street in front of plaintiffs' premises The leak was caused by a hole evidently cut in the water main by some sharp instrument. Obviously to sustain a recovery, the plaintiffs have the burden of showing that this hole was cut by one of defendant's servants.

Upon this point the plaintiffs produced no direct evidence, but they showed that about two weeks before the leak was discovered the defendant had opened a trench in the street before their place of business, and closed it up again; that when the leak was discovered the defendant's servants opened up the trench again, and one of the plaintiffs testified that the broken water main was in the trench where they had previously worked.

Inasmuch as this testimony, if true, would show that the defendant's servants were the last persons who had access to the water main, and that no other person could have caused the break after the trench was closed, I think that the trial justice correctly held that the plaintiffs had established a prima facie case.

To meet this testimony the defendant produced five witnesses, including a plumber employed by the plaintiffs' landlord, who all testified that the defendant had failed to find any leak in the original trench, and had then torn up the pavement for several feet in addition, and had found the break in the pipe over two feet away from the part of the street originally excavated, and several of these witnesses testify without contradiction that the edges of the break show that the break was old, and that a wooden plug was found near the break. This testimony to my mind so clearly outweighs the testimony produced by the plaintiffs that the verdict should be set aside.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

BIJUR, J. (concurring). Plaintiffs sue to recover damages to their stock of goods caused by water escaping from a pipe which leaked. Plaintiffs' claim was that this water pipe, which ran across the street on which plaintiffs' premises were situated, had been pierced by workmen employed by defendant in digging a trench on the street some ten days before the damage was caused.

At the close of plaintiffs' case, defendant moved for a dismissal stating his grounds adequately. To sustain the denial of this motion plaintiffs appeal to the doctrine of res ipsa loquitur. It is substantially conceded by both sides that the mere fact that defendant's workmen had previously dug a trench in the street would afford no justification for the application of this doctrine unless the hole in the pipe was shown to have been either within the line of the trench so dug or in so close proximity to it as to amount substantially to the same thing. A careful search of the record discloses no intelligible testimony to that effect, but only the vaguest intimation in that regard in the testimony of one of the plaintiffs. Indeed, at the best, it

could not be regarded as more than a scintilla of evidence. Defendant's testimony was to the effect that the hole was two feet seven inches from the line of the old trench.

Under these circumstances, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

SEABURY, J., dissents.