BREIDBART et al. v. EMPIRE CITY SUBWAY CO.

(Supreme Court, Appellate Term, First Department.   February 4, 1915.)

TRIAL (§ 143*)—JURY QUESTION.

Where the evidence presented a disputed question of fact, the matter should be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

Appeal from City Court of New York, Trial Term.

Action by Isidor Breidbart, Henry Breidbart, and Samuel Breidbart, copartners, doing business as I. Breidbart & Co., against the Empire City Subway Company.   From a judgment for defendant, plaintiffs appeal.   Reversed and remanded.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

I. Gainsburg, of New York City, for appellants.

Charles T. Russell, of New York City (Arnold W. Sherman and Benj. F. Briggs, both of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. The action was brought to recover damages for the flooding of plaintiffs' cellar from a broken water main in Lispenard street, resulting from defendant's negligence in constructing or maintaining an excavation in the street.

On a former appeal a majority of this court ruled that plaintiffs made out a prima facie case for the application of the rule res ipsa loquitur, but that the prima facie case was overcome by the defendant's testimony. Breidbart v. Empire City Subway Co. (Sup.) 146 N. Y. Supp. 1064–1066. Some additional witnesses testified on the second trial, who did not testify on the first trial, and some facts which were disputed on the first trial were admitted on the second trial.

On all the evidence presented, there was a disputed question of fact to be submitted to the jury, which, if determined in favor of plaintiff, would have entitled plaintiff to a verdict. The learned court, therefore, erred in directing the jury to find a verdict in favor of the defendant.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.